# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,                                             No. CR 12-3109 JB

vs.

ERNESTO RODRIGUEZ,

      Defendants.

## DEFENDANT'S MOTION TO DISMISS
## FOR VINDICTIVE PROSECUTION

COMES NOW the Defendant, Ernesto Rodriguez (by and through his counsel of record Assistant Federal Public Defender Brian A. Pori) and pursuant to the Fifth and Sixth Amendments of the United States Constitution and Rule 201 of the Federal Rules of Evidence, to respectfully petition this Honorable Court to dismiss the Second Superseding Indictment because it is vindictive or, in the alternative, to judicially notice the discrepancies between the First and Second Superseding Indictments. In support of this opposed Motion, counsel for Mr. Rodriguez states:

    1. On July 24, 2014, a Grand Jury for the United States District Court for the District of New Mexico returned a multi-count Superseding Indictment

against Defendant Ernesto Rodriguez, charging him only with aiding and abetting the possession of marijuana with the intent to distribute it (in violation of 21 U.S.C. § 841(a)(1) and (b)(1)[C]).  (Doc. 9.)  Count IV of the Superseding Indictment alleged that in the period from April 2013 through February 14, 2014, five individuals conspired to possess marijuana with the intent to distribute it (in violation of 21 U.S.C.§§ 841(a)(1) and (b)(1)(B and 21 U.S.C. § 846) but Mr. Rodriguez was not charged in this conspiracy.[1]

2.	Mr. Rodriguez pled not guilty to the single charge alleged against him in the Superseding Indictment and insisted on his right to a trial.  (Doc. 28.)  Mr. Rodriguez subsequently pursued an Appeal of an Order of Detention (Doc. 31) and a Motion to Strike Surplusage from the Indictment (Doc. 42).  In responding to these Motions, the Government never once disclosed its intention to seek a Second, Superseding Indictment against Mr. Rodriguez to include him in the conspiracy charged in Count IV or to add any additional charges.  (Doc. 36, 54.)

3.	On June 17, 2015, a Grand Jury returned a Second Superseding Indictment.  (Doc. 64.)  Mr. Rodriguez was added as a co-conspirator to the conspiracy alleged in Count IV and he was charged with the separate offense of attempting to possess marijuana in Count VIII (in violation of 21 U.S.C. §

---

[1] The original Indictment is not included in the record of this action.

841(a)(1) and (b)(1)[C] and 21 U.S.C. § 846.)

4. To date the prosecution has not disclosed any new or additional evidence or discovery (as required by Rule 16 of the Federal Rules of Criminal Procedure) to support the additional charges alleged against Mr. Rodriguez in the Second Superseding Indictment.

5. Mr. Rodriguez contends that the Second Superseding Indictment is not based on any new evidence and is instead only a strategic attempt by the prosecution to increase its chances for obtaining a conviction. In addition, Mr. Rodriguez submits that the timing of the Second Superseding Indictment so close to trial creates a presumption of vindictiveness. Consequently, Mr. Rodriguez requests that this Honorable Court dismiss the Second Superseding Indictment.

6. In the alternative, if the Court does not dismiss the Second Superseding Indictment, Mr. Rodriguez requests that the Court take judicial notice of the discrepancies between the Superseding Indictment and the Second Superseding Indictment pursuant to Rule 201 of the Federal Rules of Evidence.

7. Assistant United States Attorney Maria Armijo, counsel of record for the United States, has been informed of this Motion to Dismiss for Vindictive Prosecution and Ms. Armijo represents that the Government opposes this Motion.

## Memorandum in Support of Motion

A defendant has a constitutional right to be free from vindictive prosecution. *United States v. Sarracino,* 340 F.3d 1148, 1178 (10th Cir. 2003). When a defendant exercises constitutional or statutory rights in the course of criminal proceedings, the Government may not punish him for the exercise of those rights without violating the Due Process Clause of the Fifth Amendment. *United States v. Goodwin,* 457 U.S. 368, 372 (1982); *Bordenkircher v. Hayes,* 434 U.S. 357, 363 (1978).

A defendant has the burden of proof to prove that a prosecution is vindictive and must establish either (1) actual vindictiveness, or (2) a realistic likelihood of vindictiveness which will give rise to a presumption of vindictiveness. *Goodwin,* 457 U.S. at 374; *North Carolina v. Pearce,* 395 U.S. 711, 725 (1969). A court must look to the totality of objective circumstances to decide whether a realistic possibility of vindictive prosecution exists. *United States v. Raymer*, 941 F.2d 1031, 1040 (10th Cir. 1991). The Court should try to determine whether "as a practical matter, there is a realistic or reasonable likelihood of prosecutorial conduct that would not have occurred but for hostility or punitive animus towards the defendant because he exercised his specific legal right." *Id.* At 1142.

Once a defendant has made a credible showing of actual or potential

vindictiveness, the burden shifts to the prosecution to justify its decision with legitimate, articulable objective reasons for its actions. *Goodwin,* 457 U.S. at 374-76. In an appropriate case, a District Court may dismiss a vindictive prosecution in the exercise of its inherent power to supervise its proceedings to maintain civilized standards of procedure. *McNabb v. United States,* 318 U.S. 332, 340 (1943).

The circumstances surrounding the return of the Second Superseding Indictment create a presumption of vindictiveness. All of the facts which were known to the prosecution in June 2015 when it sought the Second Superseding Indictment were known to the Government in July 2014 when it sought the Superseding Indictment. The Second Superseding Indictment is not based on any new evidence or change in circumstances, other than Mr. Rodriguez's insistence on his right to a trial. Cf. *United States v. Wood,* 36 F.3d 945, 947 (10th Cir. 1994). The Indictments did not arise out of separate events, nor were they split for any rational reason related to management or efficiency. *Ibid.* There is no evidence that the Second Superseding Indictment was the result of any ongoing investigation and no additional discovery has been provided to support the additional charges. Therefore, under these circumstances, the Second Superseding Indictment seems to be nothing more than a disingenuous attempt by the

Government to increase its chances for a conviction on the eve of the trial.

The Government cannot now come forward with a legitimate, articulable or objective reason for its actions. *Raymer,* 941 F.2d at 1040. Indeed, it appears that in a significant international case which had been pending for more than two years, the Government had numerous opportunities to analyze the evidence and determine the appropriate charges prior to seeking a Superseding Indictment. Consequently, it is clear that the prosecution's actions in seeking a Second Superseding Indictment to add only new charges against Mr. Rodriguez were motivated by nothing more than the vindictive desire to pile on additional, more serious charges after Mr. Rodriguez mounted a vigorous defense to the single charge alleged against him in the Superseding Indictment.

In the alternative, if the Court does not dismiss the Second Superseding Indictment, Mr. Rodriguez respectfully requests that the Court take judicial notice of the discrepancies between the Superseding Indictment and the Second Superseding Indictment. Following such judicial notice, Mr. Rodriguez intends to argue the differences between the Indictments to the jury.

A court may take judicial notice of its own pleadings, records and files whose accuracy cannot reasonably be questioned. Fed.R.Evid. 201(b)(2). The court may judicially notice its own files either on its own or if a party requests the

Court to take judicial notice and the court is supplied with the necessary information. Fed.R.Evid. 201[c](2). Once the court has judicially noticed a fact in a criminal case, it must instruct the jury that it may or may not accept the noticed fact as conclusive. Fed.R.Evid. 201(f).

Mr. Rodriguez submits that the prosecution must not be allowed to manipulate the charging decisions of the Grand Jury with impunity and without consequences. Instead, Mr. Rodriguez submits that if the Government is going to seek new charges based on no new evidence or investigation, the jury deciding Mr. Rodriguez's fate should be informed of that fact.

WHEREFORE, for all of the foregoing reasons, Defendant Ernesto Rodriguez respectfully requests that this Honorable Court dismiss the Second Superseding Indictment because it is presumptively vindictive.

Respectfully Submitted,

/s/ *Brian A. Pori* filed electronically 6/24/15
Brian A. Pori
Assistant Federal Public Defender
111 Lomas Blvd NW, Suite 501
Albuquerque, N.M. 87102

Counsel for Ernesto Rodriguez

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of June, 2015, I filed the foregoing Opposed Motion To Dismiss for Vindictive Prosecution electronically through the CM/ECF system, which caused a copy of the pleading to be served electronically on opposing counsel of record addressed as follows:

Maria Armijo, Esq.
Randy Castellano, Esq.
Assistant United States Attorneys
P.O. Box 607
Albuquerque, New Mexico 87103

/s/ filed electronically 6/24/15
Brian A. Pori