IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,                                    No. CR 12-3109 JB

vs.

ERNESTO RODRIGUEZ,

      Defendants.

## DEFENDANT'S MOTION TO STRIKE THE EXPERT TESTIMONY OF BRYAN ACEE

COMES NOW the Defendant, Ernesto Rodriguez (by and through his counsel of record Assistant Federal Public Defender Brian A. Pori) and pursuant to the Fifth and Sixth Amendments of the United States Constitution and Rules 401, 403, 702, 704 and 705 of the Federal Rules of Evidence, to respectfully petition this Honorable Court to strike, in part, the United States' Notice of Expert Witness Testimony. (Doc. 61.)

The United States proposes to offer the testimony of F.B.I. Special Agent Bryan Acee as an expert witness in drug trafficking to testify that the quantity of marijuana seized in this case is a distributable amount, to opine on the value of the marijuana seized and to describe the manner in which the marijuana may have

been produced, transported and packaged. (Doc. 61, p. 3.) Mr. Rodriguez does not object to this testimony and is, instead, prepared to stipulate to this evidence.

However, the Government also proposes to qualify Special Agent Acee as a subject matter expert in the Vincente Carillo Fuentes Organization (also known as the Juarez Drug Cartel) "to testify consistent with the introductory language contained in the redacted superseding indictment in this case." (Doc. 61, p. 3.) Mr. Rodriguez objects to this proposed expert testimony because it is irrelevant and prejudicial, because the basis of Special Agent Acee's opinion and the methodology employed to arrive at that opinion have not been disclosed and because the admission of the testimony would improperly allow Special Agent Acee to usurp the jury's function by opining on an ultimate issue of fact. In support of this opposed Motion, counsel for Mr. Rodriguez states:

1. On July 24, 2014, a Grand Jury for the United States District Court for the District of New Mexico returned a multi-count, Superseding Indictment against Defendant Ernesto Rodriguez, charging him only with aiding and abetting the possession of marijuana with the intent to distribute it (in violation of 21 U.S.C. § 841(a)(1) and (b)(1)[C]). (Doc. 9.) On June 17, 2015, a Grand Jury returned a Second Superseding Indictment, which (in addition to the allegations in Count VII of the Superseding Indictment) added Mr. Rodriguez as a co-

conspirator to the conspiracy alleged in Count IV of the Superseding Indictment and charged him with the separate offense of attempting to possess marijuana (in violation of 21 U.S.C. § 841(a)(1) and (b)(1)[C] and 21 U.S.C. § 846). (Doc. 64.)

2. The United States has filed a Notice of Expert Witness Testimony, disclosing its intent to offer F.B.I. Special Agent Bryan Acee as an expert on the Juarez Drug Cartel who will testify in a manner which is consistent with the introductory language contained in both the Superseding Indictment and the Second Superseding Indictment. (Doc. 61, p. 3.)

3. Although the Notice of Expert Witness Testimony indicates that "Special Agent Acee is recognized by the FBI as a subject matter expert in the Vincente Carillo Fuentes Organization (VCFO), which is also known as the Juarez Cartel," (Doc. 61, p. 2), the Notice does not disclose the methodology which Special Agent Acee used to develop that expertise. Nor does the Notice provide any report or other supporting documentation which would allow this Court to determine that the opinions offered by Special Agent Acee are reliable.

4. Mr. Rodriguez contends that expert testimony on the origin and province of the narcotics at issue in this case is irrelevant to any contested issue of fact and that the admission of Special Agent Acee's unsupported opinion that the drugs came from the Juarez Drug Cartel would be far more prejudicial than

probative, in violation of Rules 401 and 403 of the Federal Rules of Evidence.

5. In addition, Mr. Rodriguez submits that the United States' Notice of Expert Testimony is not sufficient to show that Special Agent Acee's proposed testimony on the Juarez drug Cartel is based on sufficient facts or data which have been disclosed to Mr. Rodriguez, that it is the product of the application of reliable principles and methods, or that Special Agent Acee has reliably applied those undisclosed principles and methods to the facts of this case. Consequently, the proposed expert testimony is not sufficient to comply with the mandates of Rules 702 and 705 of the Federal Rules of Evidence.

6. Finally, Mr. Rodriguez insists that the proffered expert testimony on the Juarez Drug Cartel will invade the province of the jury by improperly offering the proposed expert's opinion on the ultimately issue of fact, namely whether Mr. Rodriguez can be charged with knowledge of the presence of marijuana on February 14, 2014, in violation of Rule 704(b) of the Federal Rules of Evidence.

7. Assistant United States Attorney Maria Armijo, counsel of record for the United States, has been informed of this Motion to Strike the Expert testimony of Brian Acee and Ms. Armijo represents that the Government opposes this Motion.

### *Memorandum in Support of Motion*

Expert testimony is admissible if: (1) the testimony is based on sufficient facts and data; (2) the testimony is the product of reliable principles and methods; and (3) the witness has applied the principles and methods reliably to the facts of the case. Fed.R.Evid 702. The proponent of expert testimony has the burden of establishing by a preponderance of the evidence that the pertinent admissibility requirements are met. *United States v. Gutierrez-Castro,* 805 F.Supp.2d 1218, 1225 (D.N.M. 2011).

The District Court has an obligation to assess the reasoning and methodology underlying an expert's opinion and determine whether it is both scientifically valid and relevant to the facts of the case. *Daubert v. Merrell Dow Pharm. Inc.,* 509 U.S. 579, 594-95 (1993). In determining whether proffered expert testimony is both relevant and reliable, the Court may determine whether the expert's methods have been tested, whether his conclusions have been published and subject to peer review, the known error rate for the technique employed by the expert, the existence of standards concerning the expert's analysis and whether the expert's analytical methods are generally accepted as reliable in the relevant scientific community. *Ibid.* The court must focus on "principles and methodologies and not on the conclusions generated" because

"coming to a firm conclusion first and then doing research to support it is the antithesis of [the scientific] method." *Gutierrez-Castro,* 805 F.Supp.2d at 1226.

Nothing in the United States' Notice of Expert Testimony discloses the relevance or reliability of Special Agent Acee's proposed expert testimony on the Juarez Drug Cartel. The Government never explains how Special Agent Acee's recitation of the facts contained in "the introductory language contained in the redacted superseding indictment" (Doc. 61, p. 3) will assist the trier of fact in determining Mr. Rodriguez's guilt. Nor does the Government describe why a description of the Juarez Drug Cartel is even necessary in this case, especially since there is no evidence that Mr. Rodriguez is a member of the Cartel. Finally and most significantly, because Special Agent Acee did not prepare an expert witness report particular to this case or disclose the basis for his opinions on the Juarez Drug Cartel, there is simply no way for this Court to perform its gate keeping function to determine whether Special Agent Acee's opinions are both relevant and reliable.

A District Court must account "for the complete absence of data supporting [an expert's] testimony" and cannot conflate the expert's "experience" with the "facts or data contemplated by the text of Rule 702." *United States v. Medina-Copete,* 757 F.3d 1092, 1104 (10th Cir. 2014). Instead, witnesses "relying solely

or primarily on experience . . . must explain how that experience leads to the conclusions reached, why that experience is a sufficient basis for the opinion and how that experience is reliably applied to the facts." *Ibid*

Like the situation which the Court confronted in *United States v. Thomas R. Rodella,* D.N.M. No CR 14-2783 JB, here it is unclear how Special Agent Acee arrived at his proffered expert opinions supporting the introductory paragraphs of the Superseding Indictment. (See *Rodella*, Doc. 149, p. 34.) There is simply no indication in the Government's Notice of what, if any, methodology Special Agent Acee used in arriving at his opinions, there is no explanation for how his experience leads him to reach the conclusions he will offer, how that experience is reliably applied to the facts of the case or why that experience is a sufficient basis for the opinion. (*Id.* at p. 37.) Instead, it appears that Special Agent Acee's opinions arrive fully formed in perfect conformity to the facts of this case immune from any challenge to the basis of his opinion or his methodology. The Rules of Evidence will not countenance such "expert" testimony.

In addition, Mr. Rodriguez objects to Special Agent Acee's proffered testimony because it is nothing more than the functional equivalent of an F.B.I. Special Agent's testimony that Mr. Rodriguez had knowledge of the smuggling scheme, in violation of Rule 704(b). Mr. Rodriguez insists that Special Agent

Acee's testimony is nothing more than a ruse to undermine Mr. Rodriguez's efforts to disprove the only disputed element in this case, i.e. knowledge, by presenting improper association evidence to suggest, *ipse dixit*, that everyone who interacts with the Juarez Drug Cartels knows he is interacting with the Juarez Drug Cartel. There is simply no basis for this outrageous conclusion.

Under Rule 704(b), in a criminal case "an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or a defense." The Tenth Circuit has interpreted the Rule as "preventing experts from expressly stating the final conclusion or inference as to the defendant's mental state but not preventing the expert from testifying to facts or opinions from which the jury could conclude or infer the defendant had the requisite mental state. *United States v. Archuleta,* 737 F.3d 1287, 1297 (10th Cir. 2013).

The Second Circuit Court of Appeal has recognized that "an increasingly thinning line separates the legitimate use of an officer expert to translate esoteric terminology or to explicate an organization's hierarchical structure from the illegitimate and impermissible substitution of expert opinion for factual evidence." *United States v. Mejia,* 545 F.3d 179, 190 (2nd Cir. 2008). As the *Mejia* court cautioned:

> "If the officer expert strays beyond the bounds of appropriately 'expert' matters, that officer becomes, rather than a sociologist describing the inner workings of a closed community, a chronicler of the recent past whose pronouncements on elements of the charged offense serve as shortcuts to proving guilt. As the officer's purported expertise narrows from 'organized crime' to 'this particular gang' . . . the officer's testimony becomes more central to the case, more corroborative of the fact witnesses and thus more like a summary of the facts than an aide in understanding them. The officer expert transforms into the hub of the case, displacing the jury by connecting and combining all other testimony and physical evidence into a coherent, discernible, internally consistent picture of the defendant's guilt. [¶] In such instances, it is a little too convenient that the Government has found an individual who is expert on precisely those facts that the Government must prove to secure a guilty verdict–even more so when that expert happens to be one of the Government's own investigators. . . [Under these circumstances] the experts are no longer aiding the jury in fact finding; they are instructing the jury on the existence of the facts needed to satisfy the elements of the charged offense." *Id.* at 190-91.

The Government is unabashed in its Notice of Expert Testimony. The Government makes little serious effort to hide the fact that it offers Special Agent Acee, not as a sociological expert, but only for the improper purpose of opining on Mr. Rodriguez's guilt. The Notice clearly indicates that Special Agent Acee's purpose is to provide a summary of the facts, not an aide to understanding them, because he will do little more than "testify consistent with the introductory language contained in the redacted superseding indictment." (Doc. 61, p. 3.) The Government goes on to boldly assert that "if any of the [Special Agent's]

testimony set forth above is challenged, this Court should rule that this evidence is admissible based on the pleadings." (Doc. 61, p. 6.) Under these circumstances, this Court should have little difficulty in concluding that Special Agent Acee's proposed testimony will cross the line which is so clearly drawn by Rule 704(b).

Finally, Mr. Rodriguez submits that Special Agent Acee's proffered expert testimony should be excluded because it is far more prejudicial than probative as defined by Rule 403 of the Federal Rules of Evidence. Because Mr. Rodriguez is not alleged to be a member of the Juarez Drug Cartel or to have acted in an official capacity for the organization, Special Agent Acee's testimony on the Juarez Drug Cartel appears to be designed to do little more than spark outrage in the jury and to improperly convict Mr. Rodriguez based on nothing more than guilt by association.

Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response from the jury, or if the evidence otherwise tends to adversely affect the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged. *See United States v. Rodriguez,* 192 F.3d 946, 951 (10th Cir. 1999). "To be unfairly prejudicial, the evidence must have 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Caraway,*

534 F.3d 1290, 1301 (10th Cir. 2008) (quoting Fed. R. Evid. 403 advisory committee notes).

The Juarez Drug Cartel is one of several drug trafficking organizations that have been known to decapitate their rivals, mutilate their corpses and dump them in public places to instill fear not only in the general public, but also into local law enforcement and their rivals. The Cartel has recently been responsible for car bombs and assassinations and all manner of extreme violence in the city of Juarez. Under these circumstances it is hard to imagine how any remotely probative expert testimony from Special Agent Acee can outweigh these emotional and prejudicial facts.

WHEREFORE, for all of the foregoing reasons, Defendant Ernesto Rodriguez respectfully requests that this Honorable Court Strike the United States' Notice of Expert Testimony, in part, and prevent F.B.I. Special Agent Bryan Acee from testifying as an expert witness on the Juarez Drug Cartel.

Respectfully Submitted,

/s/ *Brian A. Pori* filed electronically 6/25/15
Brian A. Pori
Assistant Federal Public Defender
111 Lomas Blvd NW, Suite 501
Albuquerque, N.M. 87102

Counsel for Ernesto Rodriguez

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of June, 2015, I filed the foregoing Opposed Motion To Strike the Expert Testimony of Bryan Acee electronically through the CM/ECF system, which caused a copy of the pleading to be served electronically on opposing counsel of record addressed as follows:

Maria Armijo, Esq.
Randy Castellano, Esq.
Assistant United States Attorneys
P.O. Box 607
Albuquerque, New Mexico 87103

                                                /s/ filed electronically 6/25/15
                                                Brian A. Pori