IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 12-3109 JB |
| | ) | |
| vs. | ) | |
| | ) | |
| **ERNESTO RODRIGUEZ**, | ) | |
| | ) | |
| Defendant. | ) | |

### UNITED STATES' AMENDED MOTION *IN LIMINE* FOR PRETRIAL RULING EXCLUDING IRRELEVANT, PREJUDICIAL, AND INADMISSIBLE HEARSAY STATEMENTS

The United States of America, through undersigned counsel, hereby moves *in limine*, pursuant to Fed. R. Evid. 401, 402, 403, 801, 802 and 804(b)(3), for an order prohibiting the defendant from mentioning, or putting forth in any manner, in the jury's presence, any irrelevant, prejudicial, self-serving and/or hearsay statements not offered against interest. In support of this motion, the United States submits as follows:

On March 13, 2015, the defendant in this case gave a post-arrest statement. Defendant denied knowledge of the marijuana in the vehicle and stated that he was doing a friend a favor and picking up a vehicle that the friend had bought. Defendant stated that he realized something else might be going on the next morning, but he never contacted law enforcement to report the incident. Defendant maintained that he had no knowledge of the contents of the vehicle on February 14, 2014, but learned the following day that the vehicle was loaded with marijuana.

Unless the defendant takes the stand, the speaker of these statements cannot be cross-examined, and therefore, these statements are not sufficiently reliable for the jury to consider. Moreover, the statements are classic hearsay. The United States anticipates that Defendant will

seek to introduce such improper statements in his trial through witnesses, thereby shielding him from testimony.

The defendant's expected evidence regarding such statements is inadmissible in this case because it is either irrelevant or unduly prejudicial, and consists of self-serving hearsay statements, in violation of Fed. R. Evid. 401, 801 and 802, and does not fit within any of the exceptions contained within Fed. R. Evid. 803 or 804.

## **LEGAL ARGUMENT**

A. <u>Rules 401, 402, and 403 of the Federal Rules of Evidence</u>.

Fed.R.Evid. 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." In other words, "proffered evidence must, at minimum, advance the inquiry of some consequential fact to be considered relevant and admissible." *United States v. Oldbear,* 568 F.3d 814, 820 (10th Cir.2009). "[A] fact is 'of consequence' when its existence would provide the fact-finder with a basis for making some inference, or chain of inferences, about an issue that is necessary to a verdict," but it only need to have "any tendency" to do so. *United States v. Jordan,* 485 F.3d 1214, 1218 (10th Cir.2007). *See United States v. Leonard,* 439 F.3d 648, 651 (10th Cir.2006); *United States v. McVeigh,* 153 F.3d 1166, 1190 (10th Cir.1998). The standard for relevance is very liberal. *See United States v. Leonard,* 439 F.3d at 651("Rule 401 is a liberal standard.")(citing *United States v. McVeigh,* 153 F.3d at 1190). Although the threshold burden is low, the rules do "not sanction the carte blanche admission of whatever evidence a defendant would like. The trial judge is the gatekeeper under the Rules of Evidence." *United States v. Jordan,* 485 F.3d at 1218.

Evidence that is not relevant is not admissible. *See* Fed.R.Evid. 402. Assuming that the

2

evidence is relevant, it still "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury...." Fed.R.Evid. 403. These circumstances arise when the proffered evidence suggests to the jury that it should render its findings on an improper basis, such as emotion, or when "circumstantial evidence would tend to sidetrack the jury into consideration of factual disputes only tangentially related to the facts at issue in the current case." *United States v. Jordan,* 485 F.3d at 1218 (quoting *United States v. McVeigh,* 153 F.3d at 1191). A district court has "broad discretion to examine whether the probative value of evidence substantially outweighs the danger of unfair prejudice." *United States v. Reddeck,* 22 F.3d 1504, 1508 (10th Cir.1994); *United States v. Poole,* 929 F.2d 1476, 1482 (10th Cir.1991).

Rule 403 provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed.R.Evid. 403. Under Rule 403, the trial court must weigh the proffered evidence's probative value against its potential for unfair prejudice. *See United States v. Record,* 873 F.2d 1363, 1375 (10th Cir.1989). "[I]t is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter [under rule 403]." *United States v. Pettigrew*, 468 F.3d 626, 638 (10th Cir.2006)(quoting *United States v. Sides,* 944 F.2d 1554, 1563 (10th Cir.1991)(internal quotes omitted). "In performing the 403 balancing, the court should give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *Deters v. Equifax Credit Info. Servs., Inc.*, 202 F.3d 1262, 1274 (10th Cir.2000). The "exclusion of evidence under Rule 403 that is otherwise admissible under the other rules is an extraordinary remedy and should be used sparingly." *United States v. Smalls*, 605 F.3d 765, 787

3

(10th Cir.2010).

The evidence is unfairly prejudicial because it is inadmissible hearsay and makes an acquittal more likely. Its admission would allow the defendant to introduce a self-serving statement while at the same time prohibiting the government from testing the veracity of that statement.

B.     Rules 801(c), 802 and 804(b )(3) of the Federal Rules of Evidence.

Under Rule 801(c) of the Federal Rules of Evidence, "'[h]earsay' means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed.R.Evid. 801(c). Hearsay bars a party from presenting its own statements, such as "a defendant ... attempt[ing] to introduce an exculpatory statement made at the time of his arrest without subjecting himself to cross-examination." *United States v. Cunningham*, 194 F.3d 1186, 1199 (11th Cir.1999).

Fed.R.Evid. 802 renders hearsay generally inadmissible precisely because it is considered unreliable. *See United States v. Williamson,* 512 U.S. 594, 598, 114 S.Ct. 2431 (1994). The hearsay rule, however, has long been subject to exception. Because certain hearsay statements are less subject to legitimate claims of unreliability, the Federal Rules of Evidence provide for their admissibility. One exception to the hearsay rule is an out-of-court statement against the declarant's penal interest. Such a statement is "not excluded by the hearsay rule [even] if the declarant is unavailable as a witness." Fed.R.Evid. 804(b). Subsection (b)(3) defines a statement against penal interest as "A statement which ... at the time of its making ... so far tended to subject the declarant to ... criminal liability ... that a reasonable person in the declarant's position would not have made the statement unless believing it to be true." Fed.R.Evid. 804(b)(3).  The Court in *Williamson* construed the meaning of "statement" within Rule 804(b)(3) to "cover only

4

those declarations or remarks within the confession that are individually self-inculpatory." *Williamson*, 512 U.S. at 599, 114 S.Ct. 2431. The Court rejected the view "that an entire narrative, including non-self-inculpatory parts (but excluding the clearly self-serving parts ...) may be admissible if it is in the aggregate self-inculpatory." *Id.* at 601, 114 S.Ct. 2431.

[T]he most faithful reading of Rule 804(b)(3) is that it does not allow admission of non-self-inculpatory statements, even if they are made within a broader narrative that is generally self-inculpatory. The district court may not just assume for purposes of Rule 804(b)(3) that a statement is self-inculpatory because it is part of a fuller confession and this is especially true when the statement implicates someone else. *Id.* at 600–01, 114 S.Ct. 2431. The Court noted "[t]he fact that a statement is self-inculpatory does make it more reliable," but "the fact that a person is making a broadly self-inculpatory confession does not make more credible the confession's non-self-inculpatory parts." *Id.* at 600, 114 S.Ct. 2431. In directing district courts to exclude self-exculpatory portions of otherwise self-inculpatory statements, the Court moreover explained: "Self-exculpatory statements are exactly the ones which people are most likely to make even when they are false; and mere proximity to other, self-inculpatory, statements does not increase the plausibility of the self-exculpatory statements." *Id.*

The United States, however, reserves the right to introduce any and all inculpatory statements made by the defendant, as such statements constitute admissions by a party-opponent, and therefore do not constitute hearsay. *See* Fed. R. Evid. 801(d)(2). The defendant cannot avail himself of this same exception, because the definition of "admission of a party-opponent" requires the statement to be offered *against* the party who made the statement. *See* Fed. R. Evid. 801(d)(2)(A). This limitation makes obvious sense, as it prevents a party from introducing self-serving statements through other witnesses, all the while shielding themselves from cross-

5

examination.

The United States attempted to contact defense counsel to obtain his position on this motion. At the time of filing, his position is unknown. Given the nature of the motion, the United States is assuming Defendant is opposed to this motion.

The defendant's out-of-court statements concerning his involvement in this case and his lack of knowledge on February 14, 2014, that there were drugs in the Dodge Durango are self-serving and possess absolutely no indicia of reliability. Further, the introduction of these statements would be meant to prove the truth of the matter asserted. They are therefore, hearsay. Thus, the defendant would attempt to introduce to the jury, self-serving and otherwise inadmissible statements. Accordingly, the Court should exclude these statements.

Respectfully Submitted,

DAMON P. MARTINEZ
United States Attorney

***Electronically filed on 6/26/2015***
MARIA Y. ARMIJO
RANDY M. CASTELLANO
Assistant United States Attorneys
555 S. Telshor Blvd., Ste. 300
Las Cruces, NM 88011
(575) 522-2304 - Tel.

I HEREBY CERTIFY that I electronically
filed the foregoing with the Clerk of the
Court using the CM/ECF system which
will send electronic notification to defense
counsel of record on this date.

/s/
MARIA Y. ARMIJO
Assistant United States Attorney